## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | | Case No. 3:13CR104 |
| Plaintiff, | : | |
| | | District Judge Timothy S. Black |
| v. | : | Magistrate Judge Michael J. Newman |
| | | |
| KORWYN K. MOORE, | : | |
| | | |
| Defendant. | : | |

### REPORT AND RECOMMENDATION[1]

This case came on for hearing on Wednesday, September 11, 2013. The United States was represented by Assistant United States Attorney Dwight Keller; Defendant was represented by Assistant Federal Public Defender Cheryll Bennett.  The case was referred to the undersigned under Fed. R. Crim. P. 59 for plea proceedings. Defendant, through counsel, orally consented to proceed before the United State Magistrate Judge for this hearing.

The undersigned examined Defendant under oath as to his understanding of the Plea Agreement and the effect of entering a plea pursuant to that Agreement. Having conducted that colloquy, the Magistrate Judge is persuaded that Defendant understands the rights waived by entering a guilty plea and is competent to do so. The Magistrate Judge also concludes that execution of the Plea Agreement, which was acknowledged in open court, is Defendant's knowing, intelligent and voluntary act. It is therefore respectfully recommended that the Plea Agreement be accepted.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

The Magistrate Judge concludes that Defendant's guilty plea to Count One of the Indictment dated July 23, 2013 is knowing, intelligent and voluntary, and that the Statement of Facts made a part of the Plea Agreement, whose truth Defendant acknowledged, provides a sufficient factual basis for a guilty finding. It is therefore respectfully recommended that Defendant's guilty plea be accepted, and Defendant be found guilty as charged in Count One of the Indictment.

Anticipating the District Court's adoption of this Report and Recommendation, the Magistrate Judge referred Defendant for a pre-sentence investigation, and remanded him to the custody of the United States Marshal.


September 11, 2013                                          s/**Michael J. Newman**
                                                            United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Crim. P. 59 (b)(2), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).